983 F.2d 1056
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Asbury LEAPHART, Plaintiff-Appellee,
and
Esther LEAPHART, Plaintiff,
v.
Janet HUDSON; Sandy Laney; Tim Taylor, Defendants- Appellants.
 No. 92-1690.
 United States Court of Appeals,
Fourth Circuit.
 Argued: October 27, 1992
Decided: December 23, 1992
 
 Appeal from the United States District Court for the District of South Carolina, at Columbia. Matthew J. Perry, Jr., District Judge. (CA-90-304-3-O)
 ARGUED: Joseph Crouch Coleman, Columbia, South Carolina, for Appellants. William Gary White, III, Columbia, South Carolina, for Appellee.
 ON BRIEF: Kenneth W. Lobenstein, Columbia, South Carolina, for Appellee.
 D.S.C.
 AFFIRMED.
 Before PHILLIPS, WILKINSON, and WILLIAMS, Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 Asbury Leaphart brought this action against Defendants Janet Hudson, Sandy Laney, and Tim Taylor alleging federal civil rights claims under 42 U.S.C. § 1983 (1988), as well as state claims for false arrest and malicious prosecution. All claims related to Defendants' investigation of a fire at the South Carolina State Museum. Defendants identified Leaphart as the primary suspect and subsequently arrested him for arson. Following Leaphart's arrest, a preliminary hearing was held and the arson charge was dismissed for lack of evidence.
 
 
 2
 With one exception, a jury found for Leaphart on all counts.[1] Defendants moved for judgment notwithstanding the verdict,[2] urging that the evidence did not support a finding that they lacked probable cause to arrest Leaphart, the factual issue at the heart of all of Leaphart's claims. Defendants also challenged the jury's conclusion that they were not entitled to qualified immunity on thes 1983 claim. The district court denied the motion, and Defendants appeal.
 
 
 3
 We review de novo the denial of a motion for judgment notwithstanding the verdict. Goodwin v. Enserch Corp., 949 F.2d 1098, 1100 (10th Cir. 1992); see Gairola v. Virginia Dep't of General Servs., 753 F.2d 1281, 1285 (4th Cir. 1985) (grant or denial of directed verdict reviewed de novo). The applicable standard is whether, without considering the weight of the evidence or the credibility of witnesses, " 'there can be but one conclusion as to the verdict that reasonable jurors could have reached.' " Gairola, 753 F.2d at 1285 (quoting Wheatley v. Gladden, 660 F.2d 1024, 1027 (4th Cir. 1981)). As long as there is substantial evidence to support the jury's verdict, the verdict must stand. Id.
 
 
 4
 The evidence at trial supported the jury's verdict. The trial record shows that the Defendants consulted with two attorneys and obtained a warrant from a state magistrate before arresting Leaphart. The warrant for Leaphart's arrest merely accuses Leaphart of arson and notes that "[a]ffiant and others are witnesses to prove the same." (J.A. 76.) Defendant Hudson testified that she obtained the warrant after swearing that the statements in the warrant were true. Hudson did not submit a separate affidavit; thus, the statements on the face of the warrant, sworn to by Hudson, were the only evidence supporting the magistrate's finding of probable cause. The warrant, however, only states that Leaphart committed arson by starting a fire at the South Carolina State Museum. Beyond this bald conclusion, the warrant provides no basis for concluding that there was probable cause for arrest.
 
 
 5
 Moreover, the jury could have concluded from the testimony at trial that the Defendants did not reveal evidence exculpating Leaphart to the attorneys whom they consulted. In particular, the jury could have concluded that the Defendants did not present evidence that tended to confirm Leaphart's story that he was not near the fire when it started and tended to inculpate the other security guard.
 
 
 6
 Thus, the jury could have found that the Defendants failed to submit exculpatory evidence to the magistrate, and that the magistrate would not have issued a warrant had all the evidence been presented. See Goodwin v. Metts, 885 F.2d 157, 162 (4th Cir. 1989) (holding that a police officer who withheld exculpatory information from the prosecutor can be liable under § 1983), cert. denied, 494 U.S. 1081 (1990). The jury also could have found that, since it was not objectively reasonable for the Defendants to believe they had probable cause when they withheld exculpatory evidence, they were not entitled to qualified immunity. See id. at 164 (objectively unreasonable conduct cannot be shielded by qualified immunity). We therefore agree with the district court that there was sufficient evidence for the jury to conclude that the Defendants lacked probable cause to arrest Leaphart and that they were not entitled to qualified immunity. Because the evidence supported the jury verdict, the district court did not err in denying Defendants' motion for judgment notwithstanding the verdict.
 
 
 7
 The judgment of the district court is affirmed.
 
 AFFIRMED
 
 
 [1]
 The jury found for Laney on the malicious prosecution count
 
 
 [2]
 As of December 1, 1991, Federal Rule of Civil Procedure 50 was amended so that judgments "notwithstanding the verdict" became judgments "as a matter of law."